# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00325-CR

**Douglas Eugene Carnes III, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF COMAL COUNTY
### NO. 2008-CR-0339, HONORABLE CHARLES A. STEPHENS, II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Douglas Eugene Carnes III was convicted of driving while intoxicated ("DWI"). *See* Tex. Penal Code Ann. § 49.04 (West 2003). The conviction was Carnes's second for DWI, which made it a Class A misdemeanor. *See id*. § 49.09 (West Supp. 2009). Punishment was assessed at 300 days' confinement in Comal County jail. Carnes appeals, arguing that the trial court erred by admitting a prejudicial videotape into evidence and then refusing to grant a mistrial after the tape tainted the jury. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Carnes was arrested for DWI and pleaded not guilty. He had one previous DWI conviction. During trial, the State offered into evidence a videotape of a discussion between Carnes and the officer who arrested him. The videotape had been recorded by the officer's in-car camera at the scene of Carnes's arrest. Defense counsel requested a bench conference and informed the

court that the videotape was an edited version of a longer video. Defense counsel stated that he had only seen the longer version of the video. After watching the longer version, defense counsel had sent the State a letter asking it to redact certain audio portions before introducing the tape into evidence.[1] The State signed a written agreement to do so, but defense counsel expressed concern that he had not verified that the redactions were carried over into the edited version of the tape the State was offering into evidence. The parties agreed to resolve the situation by submitting their redaction agreement with the understanding that defense counsel would inform the court if the State played any audio portion it had agreed to redact. With that understanding, defense counsel stated that he had no objection to the tape being introduced into evidence.

The court admitted the tape into evidence, and the State began playing it for the jury. Defense counsel soon asked for the jury to be removed from the courtroom and then moved for a mistrial "based on some comments that were made [on the video] that were supposed to be excluded" under the parties' redaction agreement. Defense counsel claimed that during the portion of the video the State had just played, "you will hear my client, after some descriptive [sic] by the trooper, he says, 'Well, last time I'— and it's clear what context it is, the jury's going to be able to perceive that last time I was arrested or last DWI and that was not supposed to be in the record." The court denied the motion for mistrial, stating that it was not clear what Carnes meant by "last time" on the tape.

---

[1] The letter identified the portions that should be redacted by noting the time stamps that were displayed on the video when they occurred. For example, the letter requested redaction of "Criminal history info at 10:42:23 ending at 10:44:34." The edited video shown in court also bore time stamps.

The court recalled the jury, and the State resumed playing the video. Defense counsel again requested a bench conference. He complained that in the portion of the video just played his client had once again referred to "last time." The court noted that Carnes had not filed a motion to suppress the videotape and that in any event, judging by the time stamps displayed on the videotape, the complained-of statement occurred during a portion of the videotape that defense counsel had not asked the State to redact. Defense counsel appeared to concede the latter point, although he suggested that maybe the time-stamps on the video shown in court did not match the time-stamps on the longer video that he had used as the basis for his redaction requests.[2] Defense counsel again moved for a mistrial, and the court again denied the motion.

The trial proceeded. At one point, Carnes introduced into evidence a police record that showed he was being charged with "DWI - 2nd Offense." The jury ultimately convicted Carnes. He now appeals.

### STANDARD OF REVIEW

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Green v. State*, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). A trial court does not abuse its discretion by admitting evidence if its decision to do so is reasonable. *Id*. (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).

---

[2] Carnes does not make this argument on appeal. That is to say, he does not claim that the State violated the parties' redaction agreement by playing a portion of the videotape that it had agreed not to.

**DISCUSSION**

Carnes raises two points of error. First, he argues that the trial court erred by admitting the videotape into evidence because he objected to its admission and the court neither gave him a chance to review the tape before its admission nor required the State to respond to his objection "with a proper exception." Second, he argues that the trial court erred by refusing to grant a mistrial because the portions of the tape in which he said "last time" were "evidence of other crimes, wrongs or acts" that should have been excluded under rules of evidence 404(b) and 403 and a motion in limine that Carnes filed.

We believe that both of these arguments are unavailing for the same reason—namely, Carnes did not preserve an objection to the admission of the videotape. After the court accepted the parties' redaction agreement, defense counsel stated without qualification that he had "no objection" to the admission of the videotape. It is axiomatic that "affirmative acceptance of previously challenged evidence waives any error in its admission." *Jones v. State*, 833 S.W.2d 118, 126 (Tex. Crim. App. 1992).[3] Thus, Carnes waived any misgivings he might have voiced before the court admitted the videotape.[4]

---

[3] Under some circumstances, a party can preserve error despite uttering the phrase "no objection" at trial. *See, e.g.*, *Fierro v. State*, 969 S.W.2d 51, 55 (Tex. App.—Austin 1998, no pet.) (defendant preserved error despite saying "no objection" because he "did something to indicate he really did have an objection" either contemporaneously or immediately afterwards). This exception does not apply here because Carnes's statement of "no objection" was unequivocal, and Carnes made it after voicing concerns and agreeing to address them by filing the redaction agreement. *Cf. id*.

[4] It is worth noting that while defense counsel initially voiced some misgivings about introducing the tape into evidence, he did not actually lodge an unequivocal objection. Rather, he stated, "[m]y only concern is if I don't object to this and then it's got everything [on it that the State agreed to redact]—" to which the court replied, "If you have an agreement, if you want to put the agreement on the record, if [the State] violate[s] the agreement, we can deal with it." Defense counsel responded by stating, "Why don't we do that. We'll make a quick agreement." After the

4

In any event, even if Carnes had preserved an objection to admitting the videotape, he later waived it by introducing police records that included the same allegedly harmful information revealed by the videotape—namely, that Carnes had a previous DWI arrest. *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) ("It is well settled in this state that the erroneous admission of testimony is not cause for reversal, if the same fact is proven by other testimony not objected to."); *Womble v. State*, 618 S.W.2d 59, 62 (Tex. Crim. App. 1981) ("When a defendant offers the same testimony as that objected to, or the same evidence is introduced from another source, without objection, the defendant is not in position to complain on appeal."). Thus, Carnes's issues are without merit.

## CONCLUSION

For the reasons stated above, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   November 3, 2010

Do Not Publish

---

parties made an agreement, defense counsel stated that he had "no objection" to admitting the tape. This exchange does not satisfy the rule pertaining to preservation of error. *See* Tex. R. App. P. 33.1(a) (to preserve error, party must make objection, state ground for it, and either obtain a ruling or object to court's refusal to make a ruling).